UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STELLAR HEALTH SYSTEMS, INC., et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>ADVANCED HOME HEALTH, INC., et al.,<br><br>           Defendants. | 2:10-CV-2009 JCM (PAL) |

**ORDER**

Presently before the court is defendants Advanced Home Health, Inc. ("Advanced") and Angela Allen's motion to dismiss for improper venue or, in the alternative, to transfer to Eastern District of California, and the declaration of Angela Allen in support of their motion. (Doc. #4). Plaintiffs Stellar Home Health Systems, Inc. ("Stellar") and Nester Z. Lim filed an opposition to the motion to dismiss, the petition for removal and the statement concerning removal. (Doc. #9). Defendants filed a reply (doc. #10) and the supplemental declaration of Angela Allen in support of the reply (doc. #11).

The present case stems from an alleged breach of contract. The parties had entered into an asset purchase agreement ("purchase agreement"), whereby Advanced purchased the assets of Stellar. The purchase price for the assets was $760,000.00, with $210,000.00 paid to Stellar at closing and the remaining $550,000.00 payable to Stellar in the form of a promissory note ("the note"). After certain discrepancies arose regarding the contract and the parties' obligations, the

**James C. Mahan**
**U.S. District Judge**

plaintiffs filed suit against the defendants in the state district court for Clark County, Nevada.

The complaint (doc. #4-3) contains twelve claims for relief, including (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraud/intentional misrepresentation, (4) fraud/concealment, (5) negligent misrepresentation, (6) express contractual indemnification, (7) equitable indemnification, (8) accounting, (9) breach of guaranty, (10) exploitation of elderly person over 65 years of age, (11) conversion of property, and (12) declaratory relief.

The defendants, asserting diversity of citizenship, removed the action to this court on November 16, 2010 (doc. #1), and then filed the present motion to dismiss (doc. #4). In the motion, defendants assert that the purchase agreement and the note, which are the subject matter of the litigation, contain forum selection clauses that designate Sacramento County, California as the **"exclusive venue"** for any action, suit or proceedings.

In the plaintiffs' opposition to the motion, they oppose the removal of the case and the statement regarding removal. (Doc. #9). They assert not only that dismissal or transfer is improper, but that this court lacks removal jurisdiction. Although they have not made a proper motion to remand, they assert that the removal was improper due to the fact that certain defendants are not diverse from the plaintiffs, and that consequently the motion to dismiss or transfer is moot.

**Removal to Federal Court**

As set forth in 28 U.S.C. § 1441, defendant may remove a state court action to federal court if the federal court has original jurisdiction over the matter. Original jurisdiction lies with a federal court when a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b).

Here, the defendants removed this action based on diversity, as plaintiff Stellar is a corporation with its principal place of business in Nevada, plaintiff Lim has his domicile in Nevada, defendant Advanced is a California corporation with its principal place of business there, and


defendant Angela Allen, the owner/director/shareholder of Advance, is domiciled in California.

### 1. Citizenship of Angela Allen and Advanced

The plaintiffs assert that Angela Allen and Advanced destroy complete diversity because Allen is an "individual [who was] doing business and committed the acts and torts within the state of Nevada," and Advanced was qualified to do business in Nevada. They support this assertion by stating that letters were sent to Allen at a Nevada address, and that according to the Nevada Secretary of State's website, "Advanced was a foreign California corporation qualified to do business in Nevada as of 1/22/2010," and Angela Allen is identified as the president, secretary, treasurer, and director of Advanced with a Nevada address.

#### a. Corporation's Citizenship

For purposes of determining diversity jurisdiction, a corporation is a "citizen" of the state in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1); *Wachovia Bank v. Schmidt,* 546 U.S. 303, 317-18 (2006). Contrary to the plaintiffs' position, a corporation is not deemed a citizen of each and every state in which it conducts business or is otherwise susceptible to personal jurisdiction, and its "principal place of business" refers to the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 318; *Hertz v. Friend,* 130 S.Ct. 1181, 1185 (2010).

Defendants assert that Advanced is an organized California corporation existing under the state laws of California, conducting "virtually 100 percent of its operations within California," having its offices and headquarters in California, handling all of its clients in California, and employing all of its employees in California. (Doc. #10). Further, the fact that Advanced is authorized to do business in Nevada does not render it a citizen of Nevada, because the corporation's citizenship is based on the locale of its "nerve center," and not on the site of its business activities. *Hertz Corp.,* 130 S.Ct. at 1190-94.

The record supports a finding that Advanced's "nerve center" is in California, and that it is a citizen of California for purposes of diversity jurisdiction. Therefore, Advanced does not destroy diversity.

James C. Mahan
U.S. District Judge

### b. Individual's Citizenship

In determining an individual's citizenship for purposes of diversity jurisdiction, the court looks at the individual's "domicile," and not her state of residence. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). The domicile of an individual is the person's "permanent home," and the individual must intend on remaining there and intend to return there. *Id.* at 857 (citing *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986). Further, the fact that a person may reside in a state does not deem that state her domicile, and the domicile is determined at the time the lawsuit was filed. *Kanter,* 265 F.3d at 857 (citing *Weible v. United States,* 244 F.2d 158, 163 (9th Cir. 1957); *Safeco Ins. Co. Of America v. Mirczak,* 622 F.Supp. 1155, 1157 (D.Nev. 1987).

Defendant Allen has admittedly done business and received a letter in Las Vegas, Nevada. (Doc. #10). However, as stated above, her domicile is not effected by these acts. According to her affidavit (doc. #4) and supplemental declaration (doc. #11), defendant Allen has resided in Sacramento, California for 14 years, owns a home in Granite Bay where she has lived for one year, directs all her personal mail to her home in Granite Bay, has leased office space in Sacramento since 2007, conducts all of her business in Sacramento unless she is required to leave, and has never intended to "regard or treat any other city or location as [her] residence or home."

As defendant Allen is a citizen of California with her "domicile" there, she does not destroy complete diversity as plaintiffs assert.

### 2. Citizenship of Lino S. Loyola and Edith Loyola

Plaintiffs further assert that they "were going to" be adding Nevada domiciled defendants, Lino S. Loyola and Edith Loyola ("the Loyolas"), to the present litigation before it was removed to this court. (Doc. #9).

Pursuant to 28 U.S.C. § 1441(a), the "citizenship of defendants sued under fictitious names shall be disregarded" for purposes of establishing diversity jurisdiction. Further, any defendant that has not been properly served at the time of removal shall be disregarded for purposes of determining whether diversity exists. *Republic Western Ins. Co. v. Intern. Ins. Co.,* 765 F.Supp. 628 (N.D.Cal. 1991).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Plaintiffs admit that they never served the Loyolas in this action, and that they were not
2  named at the time of removal. Therefore, the court need not consider the Loyolas' domicile in
3  determining diversity jurisdiction. Thus, as complete diversity exists, removal to this court was
4  proper.

**Motion to Dismiss**

In the defendants' motion to dismiss (doc. #4), they assert that the case should be dismissed or transferred because the agreement and note at issue in the case both contain a mandatory forum selection clause.

The Ninth Circuit has continuously held that when a forum selection clause provides that litigation shall be instituted in a particular venue, litigation must be brought in that venue. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987); *Docksider, Ltd v. Sea Tech., Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989) ("where venue if specified with mandatory language[,] the clause will be enforced."). When a forum selection provision is found, the case must be dismissed from the improper forum or transferred to the appropriate forum. Federal Rule of Civil Procedure 12 (b)(3); 28 U.S.C. § 1406(a). Further, forum selection clauses are *prima facie* valid unless there is a showing that enforcement is clearly unreasonable and unjust or the clause was obtained through fraud or overreaching. *The Brenmen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972).

The plaintiffs do not contest that their twelve claims for relief stem from the purchase agreement and note between the parties. It is undisputed that the purchase agreement contained language stating that "[a]ny legal action, suit or proceeding relating to any matter arising under or relating to this [a]greement **shall be** instituted in a state or federal court in Sacramento County, California," and that it "shall be the **exclusive venue for such action, suit or proceeding.**" (Emphasis added) Additionally, there is no dispute that the note also contained language stating that "[a]ny dispute arising under or related to this [n]ote will be resolved **exclusively in federal or state court in Sacramento County, California.**"

Both of these provisions are mandatory and require this action, which undoubtably "relate[s] to" and "arises under" such agreements, to be brought in California. To contest this, plaintiffs assert

**James C. Mahan**
**U.S. District Judge**

- 5 -

1 that the case also includes a claim related to the guarantee, which does not contain a mandatory
2 forum clause. The guarantee that was signed by defendant Allen states that any dispute "may" be
3 brought in the state or federal court of Sacramento California. (Doc. #9). However, this non-
4 mandatory language in *one* of the documents at issue does not negate the mandatory language of the
5 *two* other documents related to the case. Further, the language in the guarantee simply supports the
6 argument that the parties intended to litigate any issue between the parties in California.

7 Therefore, the forum selection clauses in the purchase agreement and the note require this
8 case to be dismissed or transferred to the United States District Court for the Eastern District of
9 California. Federal Rule of Civil Procedure 12(b)(3); 28 U.S.C. § 1406(a)[1].

10 Accordingly,

11 IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiffs' request for
12 remand (doc. #10) be, and the same hereby is, DENIED.

13 IT IS FURTHER ORDERED that defendants Advanced Home Health, Inc. and Angela
14 Allen's motion to dismiss for improper venue or, in the alternative, to transfer to Eastern District of
15 California (doc. #4) be, and the same hereby is, GRANTED.

16 IT IS THEREFORE ORDERED that the above captioned case be TRANSFERRED to the
17 United States District Court for the Eastern District of California.

18 DATED March 10, 2011.

20 _____
UNITED STATES DISTRICT JUDGE

---

[1] "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**James C. Mahan**
**U.S. District Judge**

- 6 -